UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                   :         **NOT FOR PUBLICATION**
                                                        :
THE 1031 TAX GROUP, LLC, et al.,        :         Chapter 11
                                                        :         Case No. 07-11448 (MG)
                                                        :         Jointly Administered
                            Debtors.         :
------------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER GRANTING APPLICATION TO
FILE AN EXHIBIT UNDER SEAL PURSUANT TO 11 U.S.C. § 107(b)(1)**

**APPEARANCES:**

GIBSON, DUNN & CRUTCHER LLP
Attorneys for Edward H. Okun, Okun Holdings, Inc. and
Investment Properties of America
200 Park Avenue
New York, New York 10166-0193
   By:    Janet M. Weiss (JW-5460)
           Robert Dakis (RD-0626)

KLUGER PERETZ KAPLAN & BERLIN P.L.
Attorneys for Edward H. Okun, Okun Holdings, Inc. and
Investment Properties of America
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
   By:    Howard J. Berlin (pro hac vice)

DIANA G. ADAMS
United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
   By:    Andrew Velez-Rivera (AV 2010)
           Trial Attorney

TEITELBAUM & BASKIN, LLP
Attorneys for the 1031 Parties
3 Barker Avenue, Third Floor
White Plains, New York 10601
   By:    Jay Teitelbaum (JT-4619)

**MARTIN GLENN**
**United States Bankruptcy Judge**

On June 18, 2007, the Okun Entities[1] filed an application to file Exhibit A to a Stipulation and Order between the Okun Entities, the Debtors and the Creditors Committee under seal pursuant to 11 U.S.C. § 107(b)(1). Both the United States Trustee and the self-styled 1031 Parties[2] have objected to the application. The United States Trustee argues that (1) the presumption of openness for bankruptcy court records requires that Exhibit A be filed as part of the public court record, and (2) Exhibit A does not contain "commercial information" entitled to protection under § 107(b)(1) of the Bankruptcy Code. The 1031 Parties argue that their right to receive the allegedly confidential commercial information should be preserved in the event that a proposed financing transaction for which the property is part of the collateral is not consummated.

Exhibit A identifies one asset that is non-debtor property held by the non-debtor Okun Entities. Pursuant to the Stipulation and Order, entered on June 22, 2007 (*see* ECF No. 277), the Okun Entities have agreed that without further order of the Court they will not transfer or otherwise encumber (except as provided in the Stipulation) certain non-debtor property that is the subject of on-going, time-sensitive negotiations with a third-party to provide sufficient funding to enable the Debtors to complete all open 1031

---

[1]   Edward H. Okun, Okun Holdings, Inc., Investment Properties of America, LLC and their non-debtor affiliates are collectively referred to as the "Okun Entities."

[2]   The "1031 Parties," a label adopted in the Objection (*see* ECF No. 259) and used by the Okun Entities in responding to the Objection in their Reply, are those exchange participants represented by Teitelbaum & Baskin, LLP, allegedly holding claims against the Debtors in excess of $7 million. Numerous counsel have appeared for other exchange participants with substantially greater claims in this case. While the Court will use the label "1031 Parties" in this Opinion, in the future the "1031 Parties" should be specifically identified and, if a short hand is adopted, it should not be "1031 Parties," a label that is likely to cause confusion.

exchange transactions.[3] It appears that the ability of the Debtors to obtain the necessary funding to close substantially all open exchange transactions in a timely fashion hinges on the success of the current negotiations. The Stipulation and Order applies to three non-debtor properties, two that are specifically identified in the Stipulation, and a third that is the subject of the current application. All three properties have been disclosed to the professionals for the Debtors, the Creditors Committee and the United States Trustee, but not to other parties in interest.

## DISCUSSION

### A. Section 107 of the Bankruptcy Code Creates an Exemption to the Statutory Presumption of Openness

There is a "strong presumption and public policy in favor of public access to court records." *See In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007). This presumption is codified in § 107 of the Bankruptcy Code. *See, e.g.*, *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74 (Bankr. D. Del. 2006) (noting that Section 107 reflects the "historical practice of open access in bankruptcy"). Notwithstanding the strong presumption of openness, Congress implemented a statutory exemption to prevent disclosure of commercial information in a bankruptcy case. *See Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (recognizing that "[i]n the bankruptcy area . . . congress has established a special rule for trade secrets and confidential research, development and commercial information"); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 724-25

---

[3] The Debtors served as "qualified intermediaries" in like-kind exchange transactions intended to qualify for deferred capital gains tax treatment pursuant to Internal Revenue Code § 1031. At the time the Debtors filed their chapter 11 petitions, more than 300 exchange transactions remained uncompleted, requiring approximately $150 million to close the transactions. The Debtors no longer have the funds, exposing the exchange participants to loss of their money as well as substantial tax liability if they fail to close their exchange transactions within 180 days from the sale of their initial investment properties.

(Bankr. S.D.N.Y. 2003). Where a party in interest moves the Court to protect "commercial information" from disclosure, the Court must grant protection. *See* 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court *shall* . . . (1) protect an entity with respect to . . . commercial information") (emphasis added). Once a Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in § 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27; *In re Food Management Group, LLC*, 359 B.R. at 554.

The principal question for this Court is whether the information contained in Exhibit A is "commercial information." Commercial information need not rise to the level of a trade secret to qualify for protection under § 107(b). *In re Orion Pictures Corp.*, 21 F.3d at 28 (noting that section "107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'"). For the purposes of § 107(b), commercial information includes "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id.* (citing *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)). The specific property involved here is non-debtor property, but it was allegedly purchased by the Okun Entities with funds "borrowed" from the Debtors. While ordinarily the policies animating the need for protection of commercial information may have greater force when dealing with non-debtor property, in the circumstances presented here – *i.e.*, property allegedly purchased with funds "borrowed from the Debtors – the presumption of open court records is very strong. Nevertheless, at the present time, while the time-

4

sensitive, confidential negotiations are underway, the Court concludes that the identity of the property is "commercial information" for which protection is warranted. There may well come a time in this case – perhaps very soon – when full public disclosure is required of what use was made by the Okun Entities of the funds "borrowed" from the Debtors. Now is not that time.

**B. The U.S. Trustee Has Failed to Justify Why the Okun Entities Commercial Information Should Not Be Protected By Section 107(b) At the Present Time**

The Okun Entities contend that Exhibit A contains "commercial information" that could be analyzed and potentially used by the Okun Entities' competitors and the creditors to interfere with ongoing negotiations with third-parties, the consummation of which are critical to the Debtors' ability to raise the funds necessary to close the open 1031 exchange transactions. The Court agrees. Information regarding two properties that are subject to the Stipulation has already been publicly disclosed. The information regarding the third property identified in Exhibit A has not been disclosed. Premature disclosure of the identity of the property that is the subject of the confidential negotiations could threaten the successful completion of the financing transaction, with significant adverse effects on the Debtors and on all parties in interest. The value of the collateral, and therefore the ability successfully to conclude the financing transaction, could be adversely affected by disclosure, particularly if it resulted in additional liens being asserted against the property through litigation or otherwise. The Creditors Committee is actively participating in the current negotiations and is apprised of the facts regarding the assets that form the proposed collateral package. Additionally, the Stipulation and Order limits the ability of the Okun Entities to further encumber the

5

property.  The United States Trustee has also been provided with information about the property.  More is not required at the present time.

**C. The Court Does Not Need to Decide Now Whether Exhibit A Should Later Be Unsealed**

The 1031 Parties assert that their right to later seek the information on Exhibit A should be preserved in the event that the financing transaction is not consummated.  The Court does not need to reach the issue whether future changed circumstances will establish cause to unseal Exhibit A.  *See supra* at 5.  For now it is enough to say that the Okun Entities have made a persuasive showing that Exhibit A should be sealed while the sensitive negotiations are underway.

## CONCLUSION

For the foregoing reasons, the Court concludes that Exhibit A to the Stipulation and Order, entered on June 22, 2007, shall be filed under seal pending further order of the Court.

**IT IS SO ORDERED.**

DATED:   June 22, 2007
         New York, New York


                                            /s/Martin Glenn
                                          MARTIN GLENN
                                   United States Bankruptcy Judge

6