| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x | **NOT FOR PUBLICATION** |
| In re: | Chapter 11 |
| THE 1031 TAX GROUP, LLC, et al., | Case No. 07-11448 (MG) |
| | Jointly Administered |
| ------------------------------------------------------------x | |

# AMENDED MEMORANDUM OPINION AND ORDER GRANTING MOTIONS FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

**A P P E A R A N C E S:**

DREIER LLP
*Attorneys for the Debtors*
499 Park Avenue
New York, New York 10022
By:   Norman N. Kinel, Esq.
       Paul Traub, Esq.

DIANA G. ADAMS
*United States Trustee*
33 Whitehall Street, 21st Floor
New York, New York 10004
By:   Andrew Velez-Rivera, Esq.
       Linda Riffkin, Esq.
       Greg M. Zipes, Esq.

GREENBERG TRAURIG, LLP
*Attorneys for the Official Committee of Unsecured Creditors*
200 Park Avenue
New York, New York 10166
By:   Thomas J. Weber, Esq.
       Melanie L. Cyganowski, Esq.

TEITELBAUM & BASKIN, LLP
*Attorneys for the Certain Exchange Parties*
3 Barker Avenue, Third Floor
White Plains, New York 10601
By:   Jay Teitelbaum, Esq.

OLSHAN GRUNDMAN FROME
ROZENZWEIG &WOLOSKY LLP
*Attorneys for Certain Exchange Parties*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
By:    Michael S. Fox, Esq.
       Adam Friedman, Esq.
       Andrea Fischer, Esq.

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
*Attorneys for Certain Exchange Parties*
437 Madison Avenue
New York, New York 10022
By:    Jonathan L. Flaxer, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

This matter is again before the Court on motions filed by the U.S. Trustee and several parties in interest seeking the appointment of a chapter 11 trustee pursuant to § 1104 of the Bankruptcy Code. The U.S. Trustee moved, in the alternative, for conversion of the case to a case under chapter 7 pursuant to § 1112 of the Bankruptcy Code (the "Trustee Motions"). These motions to appointment a chapter 11 trustee were joined by other creditors. The Creditors Committee filed a statement supporting the appointment of a chapter 11 trustee. (ECF # 772 ¶ 1.) The Debtors[1] filed an omnibus response to the motions. While believing that the case can be effectively administered by the debtors-in-possession, the Debtors "do not oppose to the appointment of a chapter 11 trustee at this time." (*See* ECF # 775 ¶ 15, at 7.)

---

[1] The Debtors are: The 1031 Tax Group, LLC; 1031 Advance 132 LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company LLC; Exchange Management, LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.; National Intermediary, Ltd.; NRC 1031, LLC; Real Estate Exchange Services, Inc.; Rutherford Investment LLC; Security 1031 Services, LLC; Shamrock Holdings Group, LLC, and AEC Exchange Company. The Debtors' cases are being jointly administered.

2

On August 13, 2007, the Court denied the previous motions for the appointment of a chapter 11 trustee, or for conversion of the case to chapter 7. *See In re The 1031 Tax Group, LLC*, 374 B.R. 78 (Bankr. S.D.N.Y. 2007). Familiarity with my prior decision is assumed. The renewed motions for appointment of a chapter 11 trustee focus on largely undisputed facts regarding substantially changed circumstances since the Court's earlier decision.

The Court held an evidentiary hearing on the Trustee Motions on October 23, 2007. After considering all of the evidence and arguments, the Court finds that the moving parties have clearly established that the appointment of a chapter 11 trustee is in the best interests of creditors pursuant to § 1104(a)(2). One of the pending motions also seeks appointment of a chapter 11 trustee for "cause," pursuant to Bankruptcy Code § 1104(a)(1). Because I have granted the motions under § 1104(a)(2), it is unnecessary to address the separate argument seeking appointment of a trustee for cause. Having concluded that a chapter 11 trustee should be appointed, the Court denies the alternative motion to convert this case to a case under chapter 7 pursuant to § 1112(b).

## I.   BACKGROUND

The background of this case, at least through early August 2007, is recounted in the Court's earlier decision denying the appointment of a trustee and will not be repeated here. Suffice it to say that the hope that existed in August that this case could be administered quickly with exchange participants holding claims of approximately $150 million recovering substantially all of their losses has evaporated in the ensuing months. It appeared to the Court in August, based on the presentations made by counsel for the Debtors and the Creditors Committee, that Edward H. Okun ("Okun"), the sole member

3

of The 1031 Tax Group LLC, was committed to assuring the repayment of all creditors by contributing (or monetizing) non-debtor assets he controlled that, it was then claimed, had a value in excess of $300 million. The initial representation that Okun was going to commit these non-debtor assets with few if any strings attached quickly morphed into an initial disclosure statement and reorganization plan, jointly proposed by the Debtors and the Creditors Committee, that proposed to use the non-debtor assets with many strings attached and left many unanswered questions. The hearing on the initial disclosure statement and reorganization plan was scheduled for August 16, 2007. Numerous objections were filed to the disclosure statement, and before the hearing, the Debtors and the Creditors Committee requested a continuance to submit a new, amended disclosure statement and revised plan. The first amended disclosure statement and plan was filed, a new hearing and objection schedule was set, and once again numerous objections were filed prior to the September 24 disclosure statement hearing. In the same period, three of the nine members of the Creditors Committee resigned and sold their claims. As a result, the objectors to the disclosure statement and moving parties on the pending motions now include creditors with claims in the aggregate exceeding the claims held by the remaining members of the Creditors Committee. More to the point, however, many of the objections to the first amended disclosure statement appeared to be well taken. At the hearing on September 24, the Debtors and Creditors Committee muted their previous enthusiasm regarding the likelihood of a finalized plan funding agreement, but once again asked to adjourn the disclosure statement hearing to file a second amended disclosure statement and further revised plan. The Court agreed to give the plan proponents one last chance to get it right. A new schedule was set for filing the disclosure statement, plan,

4

supporting briefs, objections and a hearing. On October 2, 2007, however, Okun caused three of the significant, non-debtor entities to file their own chapter 11 petitions in the Eastern District of Virginia. The Debtors and Creditors Committee advised the Court of these events, and at a hearing on October 9, 2007, counsel for the Debtors and Creditors Committee, as well as Edward Moran, a Court-approved professional who has effectively been acting as the Debtors' "board of directors," described the plan funding agreement, disclosure statement and plan as "dead." Counsel for the Creditors Committee also acknowledged at the October 9 hearing that many of the assets of the Okun Entities, which formed the foundation of the reorganization plan, were more highly leveraged and held substantially less value than the parties had previously hoped. Additionally, the U.S. Trustee and the other moving parties estimate that administrative expenses for the estate professionals' fees and expenses, from the commencement of these cases to September 30, 2007, are approximately $9.7 million. (*See* Monthly Operating Statement # 4, ECF # 732, at 14.) While the Debtors and Creditors Committee have presented the Court and sought Court approval of a new signed agreement with Okun,[2] wherein Okun and his wife have purportedly transferred most of the non-debtor assets to or for the benefit of the Debtors, the U.S. Trustee and the other moving parties continue to press their motions for appointment of a chapter 11 trustee.

---

[2] A hearing on a motion to approve the new agreement with Okun was also held on October 23, 2007. Numerous objections to the motion were filed, many arguing that if a trustee is appointed, the trustee should have an opportunity to consider the issues raised by the new agreement before the Court rules on the motion. While the Court heard evidence and arguments on the motion, in a separate order the Court has continued the hearing to await the appointment of a trustee and further proceedings.

## II. DISCUSSION

Section 1104(a) of the Bankruptcy Code governs appointment of a chapter 11 trustee. It provides:

> a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

There is no real dispute about the legal principles that govern resolution of these motions. The appointment of a chapter 11 trustee is an extraordinary remedy. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007) (noting "the appointment of a §1104 trustee is an extraordinary remedy"); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989) ("It is settled that appointment of a trustee should be the exception, rather than the rule.") (collecting cases). There is a strong presumption that a debtor should remain in possession absent a showing of need for the appointment of a trustee. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990); 7 COLLIER ON BANKRUPTCY ¶ 1104.02[3][b] (15th ed. 2006). The party seeking appointment of a chapter 11 trustee has the burden of showing, by clear and convincing evidence, "cause" under § 1104(a)(1), or the need for a trustee under § 1104(a)(2). *Euro-*

6

*American Lodging Corp.*, 365 B.R. at 426; *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 656 (Bankr. S.D.N.Y. 2006) (citing *In re Marvel Entertm't Group, Inc.,* 140 F.3d 463, 471 (3d Cir. 1998)). Although § 1104 requires a bankruptcy court to appoint a trustee if the requirements of the statute are met, a court has wide discretion in considering the relevant facts. *In re Sharon Steel Corp.*, 871 F.2d at 1226; *Adelphia*, 336 B.R. at 656 ("The decision to appoint a chapter 11 trustee is a factual determination entrusted to the discretion of the bankruptcy judge.").

Even when no "cause" exists for appointing a chapter 11 trustee pursuant to § 1104(a)(1), a court may still appoint a trustee if the appointment is in "the interests of creditors" pursuant to § 1104(a)(2). *In re Sharon Steel Corp.*, 871 F.2d at 1227; *In re Ionosphere Clubs, Inc.*, 113 B.R. at 168. In previously denying appointment of a chapter 11 trustee based on the best interests of the creditors under § 1104(a)(2), I recognized that § 1104(a)(2) "envisions a flexible standard and gives the . . . court discretion to appoint a trustee when doing so would serve the parties' and estate's interests." *In re The 1031 Tax Group, LLC*, 2007 WL 2298245, at *7 (citations and internal quotations omitted); *see also In re Ionosphere Clubs, Inc.,* 113 B.R. at 168 (noting that "courts look to the practical realities and necessities" in considering whether to appoint a chapter 11 trustee under § 1104(a)(2)). "The twin goals of the standard for appointment of a trustee should be protection of the *public interest* and the interests of creditors . . . and facilitation of a reorganization that will benefit both the creditors and the debtors." *Id.* (quoting House Report, 124 Cong.Rec. H11, 11 (daily ed. Sept. 28, 1978)). Although the standard is amorphous and necessarily involves a great deal of judicial discretion, courts have considered several factors including: "(i) the trustworthiness of the debtor; (ii) the debtor

7

in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence – or lack thereof – of the business community and of the creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of appointment." *Euro-American Lodging Corp.* 365 B.R. at 427 (quoting *In re Ionosphere Clubs, Inc.,* 113 B.R. at 168) (citations omitted); *In re V. Savino Oil & Heating Co,* 99 B.R. at 527 n. 11 ("[T]he factors constituting a basis for appointing a trustee under § 1104(a)(2) are amorphous, diverse, and necessarily involve a great deal of judicial discretion"). In essence, § 1104(a)(2) reflects "the practical reality that a trustee is needed." *In re V. Savino Oil & Heating Co.,* 99 B.R. at 527 n. 11.

At the time of the earlier decision, I concluded that the balance of factors favored denial of the trustee motions. The Court recognized then, however, that the creditors "expressed a well-founded distrust and a lack of confidence in the Debtors, even with their new management. These factors, standing alone, would point to the appointment of a chapter 11 trustee." *In re The 1031 Tax Group, LLC*, 374 B.R. at 91; see also 7 COLLIER ON BANKRUPTCY ¶ 1104.02[3][d][ii] ("[W]hen significant tensions are present among the parties or corporate governance issues arise that place management in a conflicted position, appointment of a trustee may diffuse tensions and relieve suspicions about the debtor's managers.") But, I concluded then, additional factors − such as an "active creditors committee functioning effectively and working well with the debtors," *In re The 1031 Tax Group, LLC*, 374 B.R. at 91, the filing of a proposed joint disclosure statement and plan that offered hope that at least some exchange participants could close their open section 1031 exchange transactions before their 180-day deadlines expired and others for whom the deadline had passed would recover most of their money, as well as

8

testimony from the co-chair of the Creditors Committee that ordering the appointment of a chapter 11 trustee would threaten those positive developments, *id.* − pointed against appointment of a chapter 11 trustee.

The factors that weighed heavily in denying the earlier trustee motions either no longer apply at all or are now greatly attenuated. Any hope for a prompt exit from chapter 11 has seemingly vanished. Okun has proven that he is unreliable (or worse) in delivering in any timely way on the promises he made at the start of these cases and many times since. If there are benefits to the estate from the proposed new agreement with Okun, the chapter 11 trustee should be the one in the first instance to reach that conclusion.

The level of distrust between the Debtors, on the one hand, and the objecting creditors, on the other hand, already high earlier in the case, has only increased. With resignations from the Creditors Committee, the objecting creditors now hold more in aggregate claims than the members of the Creditors Committee.[3] Some of the objecting creditors' counsel have seemed intent on objecting to anything the Debtors or Creditors Committee propose, without regard to the possible benefits to the estate. While that should not dictate the result on the Trustee Motions, it highlights an issue the U.S. Trustee faces in selecting a chapter 11 trustee.

---

[3]  The U.S. Trustee has advised the Court that it is seeking to enlarge the membership of the Creditors Committee. If it is unable to do so, the chapter 11 trustee may wish to consider whether a motion to convert the case to chapter 7 is appropriate.

9

## III.  CONCLUSION

For the foregoing reasons, the Trustee Motions to appoint a chapter 11 trustee pursuant to Bankruptcy Code § 1104(a)(2) are GRANTED.  The U.S. Trustee's motion, in the alternative, to convert the case to chapter 7 is DENIED.  The U.S. Trustee shall proceed promptly (as she has indicated she is prepared to do) to select a chapter 11 trustee, who shall promptly thereafter seek to qualify under Bankruptcy Code § 322.

**IT IS SO ORDERED.**

DATED:  New York, New York
         October 23, 2007

                                          **_/s/ Martin Glenn_**
                                          **THE HON. MARTIN GLENN**
                                          **United States Bankruptcy Judge**