UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
In re : Chapter 11
: Case No. 07-11448 (MG)
THE 1031 TAX GROUP, LLC, *et al.*, : Jointly Administered
:
Debtors :
:
-----------------------------------------------------------X
In re: :
:
IPofA SHREVEPORT INDUSTRIAL PARK, LLC,:
: Chapter 11
: Case No. 07-13624(MG)
Debtor. :
:
-----------------------------------------------------------X

## ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF GERARD A. McHALE, JR., AS CHAPTER 11 TRUSTEE FOR EACH OF THE 1031 DEBTORS[1], AND IPofA SHREVEPORT INDUSTRIAL PARK, LLC

Upon the Second Amended Chapter 11 Plan of Reorganization of Gerard A. McHale, Jr., as Chapter 11 Trustee for each of the 1031 Debtors, and IPofA Shreveport Industrial Park, LLC, dated August 11, 2009 (as modified or supplemented from time to time, including as supplemented by the First and Second Supplements to the Second Amended Chapter 11 Plan of Reorganization of Gerard A McHale, Jr., as Chapter 11 Trustee for each of the 1031 Debtors, and IPofA Shreveport Industrial Park, LLC, dated August 11, 2009 and September 8, 2009 respectively, the "Plan")[2]; and upon the Second Amended Disclosure Statement of Gerard A. McHale, Jr., as Chapter 11 Trustee for each of the 1031 Debtors, and IPofA Shreveport

---

[1] The 1031 Debtors are The 1031 Tax Group, LLC, 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor LLC; Atlantic Exchange Company, Inc., Atlantic Exchange Company LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and AEC Exchange Company, LLC.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

*472331.6*

Industrial Park, LLC, dated August 11, 2009 (the "Disclosure Statement"); and upon the August 13, 2009 hearing to approve the Disclosure Statement (the "Disclosure Statement Hearing"); and upon that certain Order Pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020 (A) Approving Disclosure Statement; (B) Establishing Treatment of Claims for Notice and Voting Procedures; (C) Establishing Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes; (D) Approving Solicitation Packages and Procedures for Distribution; (E) Approving Forms of Ballots; (F) Establishing Voting Deadline and Procedure for Tabulation of Votes; (G) Scheduling Hearing to Consider Confirmation of Plan and Approval of the Plan Funding Party Settlement Agreements Under Bankruptcy Rule 9019(a) and Sections 105 and 363 of the Bankruptcy Code; (H) Approving Form and Manner of Notice of Confirmation Hearing and Procedures for Filing Objections to Confirmation of Plan; and (I) Granting Related Relief entered on August 18, 2009 (the "Disclosure Statement Order"); and upon the declarations, certifications and related supplements of Gerard A. McHale, Jr., Chapter 11 Trustee for the 1031 Debtors and Manager of IPofA Shreveport Industrial Park, LLC, John Sordillo of Deloitte & Touche LLP, and Michael S. Weinstein, Esq. of Golenbock Eiseman Assor Bell & Peskoe LLP; and upon (i) any testimony, affidavits, declarations and exhibits admitted into evidence at the October 7, 2009 hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (ii) arguments of counsel presented at the Confirmation Hearing, (iii) objections filed with respect to confirmation of the Plan by (a) Edward H. Okun and (b) Bank of America, N.A and Countrywide Bank, F.S.B. (collectively, the "Objections"), and the Proponents' memorandum of law filed in reply to the Objections, (iv) Motion and Memorandum of Law of the Chapter 11 Trustee for Entry of an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 9019(a) of the

Federal Rules of Bankruptcy Procedure Approving Plan Funding Party Settlement Agreements, and (v) pleadings filed in support of confirmation of the Plan, including the Official Creditors' Committee's statement in support of confirmation of the Plan; and upon the Court having taken judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at, and the hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not limited to: any order of the Court establishing deadlines for filing proofs of claim in the Chapter 11 Cases, including the Order Establishing Bar Dates for Filing Proofs of Claim and Applications for Administrative Expenses and Approving Form and Manner of Notice Thereof (07-11448 Docket No. 465), entered on June 30, 2007 and the Order (I) Establishing April 3, 2009 as the Last Day to (A) File Proofs of Claims and (B) File Requests for Payment of Claims of Administrative Expenses Against IPofA Shreveport Industrial Park, LLC; (II) Approving the Form and Manner of Notice Thereof; and (III) Approving the Form and Manner of the Proofs of Claim (07-13621 Docket No. 278), entered February 17, 2009; and upon the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan; and upon the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing; and upon the record of the Confirmation Hearing and the Chapter 11 Cases; and after due deliberation thereon and sufficient cause appearing therefor;

      IT IS HEREBY FOUND THAT:[3]

---

[3] The findings set forth herein constitute this Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

## JURISDICTION AND VENUE

A. The Court has jurisdiction over this matter and the Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has exclusive jurisdiction to determine whether the Plan should be confirmed under the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

C. Each of the conditions precedent to the entry of this Order has been satisfied in accordance with Section 6.1 of the Plan or properly waived in accordance with Section 6.3 of the Plan.

## STANDARDS FOR CONFIRMATION UNDER SECTION 1129 OF THE BANKRUPTCY CODE

D. <u>Section 1129(a)(1)</u>. The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

1. In accordance with section 1122(a) of the Bankruptcy Code, Section 4.1 of the Plan classifies each Claim against and Interest in the Debtors into a Class containing only substantially similar Claims or Interests;

2. In accordance with section 1123(a)(1) of the Bankruptcy Code, Section 4.1 of the Plan properly classifies all Claims and Interests that require classification;

3. In accordance with section 1123(a)(2) of the Bankruptcy Code, Section 4.1 of the Plan properly specifies each Class of Claims that is not impaired under the Plan;

4. In accordance with section 1123(a)(3) of the Bankruptcy Code, Article V of the Plan properly specifies the treatment of each Class of Claims or Interests that is impaired under the Plan;

5. In accordance with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest of a particular Class unless the holder of such a Claim or Interest agrees to less favorable treatment;

6. In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation;

7. In accordance with section 1123(a)(7) of the Bankruptcy Code, Section 7.5 of the Plan regarding the selection of the Liquidation Trustee as the sole Manager of Reorganized IPofA Shreveport is consistent with the interests of creditors and equity security holders and with public policy;

E. Section 1129(a)(2). The Proponents have complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows:

1. All persons entitled to receive notice of the Disclosure Statement, the Plan and the Confirmation Hearing have received proper, timely and adequate notice in accordance with the Disclosure Statement Order, applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York (collectively, the "Bankruptcy Rules"), and have had an opportunity to appear and be heard with respect thereto.

2. The Proponents solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

3. Claims in Class 2 under the Plan are unimpaired, and such Class is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

4. The Plan was voted on by all Classes of impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order (i.e., Classes 1 and 3).

5. The Proponents have made a final determination of the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting Claims in Classes 1 and 3 under the Plan.

6. Each of Classes 1 and 3 have accepted the Plan by at least two thirds in amount and a majority in number of the Claims in such Classes actually voting.

F. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Court has considered the totality of the circumstances in the Chapter 11 Cases. The Plan is the result of extensive, good faith, arm's length negotiations between the Proponents and certain of their principal constituencies (especially the Plan Funding Parties, the Creditors' Committee and their respective representatives, and the Class Representatives) reflects substantial input from the principal constituencies having an interest in these cases; and enables the holders of Claims to realize the highest possible recoveries under the circumstances.

G. Section 1129(a)(4). No payment for services or costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made by the Proponents other than payments that have been authorized by order of the Court.

H. Section 1129(a)(5). Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Proponents have disclosed the identity and affiliations of the Liquidation Trustee and the Manager, and their appointment is consistent with the interests of holders of Claims and public policy.

I. Section 1129(a)(6). The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

J. Section 1129(a)(7). Each holder of an impaired Claim or Interest in each impaired Class of Claims or Interests that has not accepted the Plan will, on account of such Claim or Interest, receive or retain property under the Plan having a value, as of the Effective

Date, that is not less than the amount that such holder would have received or retained if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

K. Section 1129(a)(8). The Plan has not been accepted by all impaired Classes of Claims and Interests because, pursuant to section 1126(g) of the Bankruptcy Code, the holders of Interests in Class 4 (Interests) are deemed to have rejected the Plan. Nevertheless, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Classes of Interests.

L. Section 1129(a)(9). Except to the extent that the holder of a particular Claim has agreed to different treatment, the Plan provides treatment for Administrative Claims, Priority Tax Claims, Fee Claims and Priority Non-Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

M. Section 1129(a)(10). The Plan has been accepted by Classes 1 and 3, which are all classes of impaired Claims that are entitled to vote on the Plan, determined without including any acceptance of the Plan by any insider.

N. Section 1129(a)(11). The Plan, including the Plan Funding Party Settlement Agreements, provide sufficient cash to meet the obligations under the Plan, and confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors.

O. Section 1129(a)(12). The Plan provides that all fees payable pursuant to section 1930 of title 28 of the United States Code, due and payable through the Effective Date shall be paid by the Liquidation Trust or the Debtors on or before the Effective Date and amounts due thereafter shall be paid by the Liquidation Trust or the Debtors in the ordinary course until the entry of a final decree closing the Chapter 11 Cases.

P. <u>Section 1129(a)(13)</u>. Prior to the Petition Date, the Debtors did not pay any retiree benefits (within the meaning of section 1114 of the Bankruptcy Code) and therefore have no obligations to pay any retiree benefits after the Effective Date.

Q. <u>Section 1129(b)</u>. The Plan does not "discriminate unfairly" and is "fair and equitable" with respect to Class 4, i.e., the Class that is impaired and deemed to reject the Plan. The Plan does not discriminate unfairly with respect to such Class because Class 4 is dissimilar to other classes of Claims, the Plan's segregation of this Class has a rational basis, and the Plan's classification of Interests in Class 4 merely recognizes the fundamental differences in legal rights among the priorities of creditors and interest holders. The Plan is "fair and equitable" with respect to such Class because it does not provide a recovery on account of any Claim or Interest that is junior to Class 4, and more senior classes are not being paid in full.

R. <u>Section 1129(c)</u>. The Plan is the only plan that has been filed in these cases that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

S. <u>Section 1129(d)</u>. No party in interest including, but not limited to, any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

# DISCHARGE, INDEMNIFICATION, INJUNCTIONS, RELEASES AND EXCULPATION

T. The indemnification, injunction, discharge, release and exculpation provisions set forth in Sections 11.5, 11.6 and 11.7 of the Plan constitute good faith compromises and settlements of the matters covered thereby. Such compromises and settlements are made in exchange for consideration and are in the best interests of the Debtors, their Estates and holders of Claims and Interests, are fair, equitable, reasonable, and are integral elements of the restructuring and resolution of the Chapter 11 Cases in accordance with the Plan. Each of the discharge, release, indemnification, injunction and exculpation provisions set forth in the Plan:

    (i) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b) and (d);

    (ii) is an important means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code;

    (iii) is an integral element of the settlements and transactions incorporated into the Plan;

    (iv) confers material benefit on, and is in the best interests of, the Debtors, their Estates and the holders of Claims;

    (v) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors and reorganization; and

    (vi) is consistent with sections 105, 1123 and 1129 of the Bankruptcy Code and applicable law.

U. This Court has entered orders approving each of the Plan Funding Party Settlement Agreements.

Based upon the foregoing findings, it is hereby

    ORDERED, ADJUDGED AND DECREED, that:

1. The Plan and each of its provisions (whether or not specifically approved herein) are CONFIRMED pursuant to section 1129 of the Bankruptcy Code.

2. The Effective Date of the Plan shall occur on the first Business Day on which all conditions set forth in Section 6.2 of the Plan have been satisfied or, if applicable, have been waived in accordance with Section 6.3 of the Plan.

3. Any objections or responses to confirmation of the Plan and the reservation of rights contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Order or (b) are not cured by the relief granted herein, are hereby OVERRULED on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

**A.  Approval of Injunctions**

4. The injunction set forth in Section 11.6(a) of the Plan is approved.

5. The CCB Release is approved.

**B.  Approval of Releases**

6. The release set forth in Section 11.5(a)(i) of the Plan is approved.

**C.  Approval of Exculpation**

7. The exculpation, as set forth in Section 11.7 of the Plan, is approved.

**D.  Order Binding on All Parties**

8. Subject to Bankruptcy Rule 3020(e), to the extent applicable, in accordance with section 1141(a) of the Bankruptcy Code and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Plan and this Order shall be binding upon, and inure to the benefit of the Debtors, all holders of Claims and Interests, and their respective successors and assigns.

E.  **Substantive Consolidation of the Debtors for Purposes
of Voting, Confirmation and Distribution**

9. The consolidation of the Debtors for the purpose of implementing the Plan, as set forth in Section 7.1 of the Plan, including for purposes of voting, confirmation and making distributions under the Plan is hereby approved.

F.  **Vesting and Transfer of Assets**

10. On the Effective Date, except as otherwise provided in the Plan, including Sections 7.6 and 7.7 thereof, all property of the Estates of the Debtors, including all claims, rights and causes of action and any property acquired by the Debtors under or in connection with the Plan, shall vest in the Liquidation Trust or Reorganized IPofA Shreveport, as applicable, free and clear of all Claims, Liens, charges, other encumbrances and Interests (except as otherwise specifically provided in the Plan, and subject to the terms of the Cordell Settlement Agreement).

G.  **Exemption From Certain Transfer Taxes**

11. To the fullest extent permitted by applicable law, all asset transfers by the Debtors, as applicable, approved by the Bankruptcy Court on or after the Confirmation Date through and including the Effective Date, including the transfers effectuated under the Plan, shall constitute "transfers under a plan" within the purview of section 1146(a) of the Bankruptcy Code, and shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

H.  **Executory Contracts and Unexpired Leases**

12. Subject to the occurrence of the Effective Date, the Proponents are authorized to reject executory contracts or unexpired leases in accordance with Article IX of the Plan and orders of this Court. Each executory contract or unexpired lease (other than the Insurance Policies) of the Debtors that has not expired by its own terms prior to the Effective

Date, and that has not been assumed or rejected during the Chapter 11 Cases prior to the Effective Date shall be deemed rejected pursuant to Bankruptcy Code Section 365 as of the Effective Date.

13. If the rejection of any executory contract or unexpired lease under the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 3; provided, however, that the Unsecured Claim, if any, arising from such rejection shall be forever barred and shall not be enforceable against the Estates, or the Liquidation Trust, or their respective successors or properties, unless a proof of such Claim is filed and served on the Liquidation Trust within thirty (30) days after the date of notice of the entry of the order of the Bankruptcy Court rejecting the executory contract or unexpired lease, which may include, if applicable, the Confirmation Order.

**I.  Claims Bar Dates**

14. **Fee Claims Bar Date**. All Fee Claims must be filed by 4:00 p.m. (Eastern) on the date that is the first Business Day after the date that is thirty (30) days after the Effective Date. A hearing to consider Final fee application shall be held at such date and time as is hereinafter scheduled by the Court.

15. **Administrative Claims Bar Date**. Any Creditor asserting an Administrative Claims arising between July 30, 2007 and the Effective Date against the 1031 Debtors must be file its Administrative Claim by 4:00 p.m. (Eastern) on the date that is the first Business Day after the date that is thirty (30) days after the Effective Date; and any Creditor asserting an Administrative Claims arising between February 18, 2009 and the Effective Date against IPofA Shreveport must file its Administrative Claim by 4:00 p.m. (Eastern) on the date that is the first Business Day after the date that is thirty (30) days after the Effective Date.

J.  **Notice of Confirmation of the Plan**

   16.  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), as soon as reasonably practicable after the Confirmation Date, the Proponents or the Liquidation Trust shall serve this Order (the "Confirmation Notice") on all Creditors and parties in interest in these chapter 11 cases. As soon as practicable after the entry of this Order, Proponents shall make copies of this Order available on the Trustee's website at http://trustee1031taxgroup.com/.

K.  **Miscellaneous Provisions**

   17.  **Post-Confirmation Immaterial Modification.** With the approval of the Bankruptcy Court and on notice to and an opportunity to be heard by the United States Trustee, the Official Creditors' Committee or the Liquidation Trust Oversight Board, as applicable, and without notice to all holders of Claims and Equity Interests, the Proponents, the Manager, or the Liquidation Trustee, as applicable, may, insofar as it does not materially and adversely affect the interest of holders of Claims, correct any defect, omission or inconsistency in the Plan in such manner and to such extent as may be necessary to expedite consummation of the Plan.

   18.  **Post-Confirmation Material Modification.** On notice to and with an opportunity to be heard by the United States Trustee and the Official Creditors' Committee or the Liquidation Trust Oversight Board, as applicable, the Plan may be altered or amended after the Confirmation Date by the Proponents, the Manager, or the Liquidation Trustee, as applicable, in a manner which, in the opinion of the Bankruptcy Court, materially and adversely affects holders of Claims, provided that such alteration or modification is made after a hearing and otherwise meets the requirements of Section 1127 of the Bankruptcy Code.

   19.  **Termination of Official Creditors' Committee and Chapter 11 Trustee.** The appointments of the Official Creditors' Committee and the Chapter 11 Trustee

shall terminate on the Effective Date, and the members of the Official Creditors' Committee and the Chapter 11 Trustee thereafter shall be released and discharged from all further rights and duties arising from or related to the Chapter 11 Cases.

20. **Confirmation Order and Plan Control.** If, but only to the extent that, the Confirmation Order and/or the Plan shall be directly in conflict with the Disclosure Statement or any agreement entered into by the Liquidation Trust and/or Reorganized IPofA Shreveport, as applicable, the Plan shall control the Disclosure Statement and any such agreement, and the Confirmation Order shall control the Plan, the Disclosure Statement and any such agreement.

21. **Retention of Jurisdiction.** The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan.

22. **Wavier of 10-Day Stay Under Bankruptcy Rule 3020(e).** Pursuant to Bankruptcy Rule 3020(e), the 10-day stay provision for confirmation orders shall be, and hereby is, waived and dispensed with. The Proponents are authorized to consummate the Plan and the transactions contemplated thereby upon satisfaction of the conditions set forth in Article VI of the Plan.

23. Upon entry of this Order, all original docket entries relating to the substantively consolidated Debtors shall be made in the case of *In re The 1031 Tax Group, LLC, et al.*, Case No. 07-11448(MG), and the Clerk of this Court is directed to make separate docket entry in the chapter 11 case of *In re IPofA Shreveport Industrial Park, LLC,* Case No. 07-13624 (MG), substantially as follows:

An Order has been entered confirming the Second Amended Joint Plan of Reorganization of Gerard A. McHale, Jr., as Chapter 11 Trustee for each of the 1031 Debtors, and IPofA Shreveport Industrial Park, LLC, which Order provides for the substantive consolidation of the Estates of The 1031 Tax Group, LLC Debtors and IPofA Shreveport Industrial Park, LLC. Accordingly, the docket in the case *In re The 1031 Tax Group, LLC, et al.*, Case No.07-11448 (MG), should be consulted for all matters affecting *In re IPofA Shreveport Industrial Park, LLC*.

Dated: October 7, 2009
      New York, New York

                                                         THE HONORABLE MARTIN GLENN
                                                       UNITED STATES BANKRUPTCY JUDGE